UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FUJITRANS USA,

    Appellant,

vs.

BARKO ENTERPRISES, INC.,

    Appellee.

Case No. 3:12-cv-419

Judge Timothy S. Black

## ORDER OF DISMISSAL

This civil action is before this Court on appeal from the bankruptcy court. (Doc. 1). Pursuant to the briefing schedule, Appellant was required to file an appellant brief by January 5, 2013. (Doc. 3). Appellant requested an extension until January 26, 2013 to file the brief, which was granted. (1/7/13 Notation Order). Subsequently, Appellant requested another extension until February 8, 2013. (Doc. 6). The Court granted the extention. (1/25/13 Notation Order). Subsequently, Appellant filed what was titled its final motion for extension of time, requesting an extension until 2/26/13. (Doc. 7). Appellee opposed the extension. The Court granted Appellant's extension, but expressly noted that "no additional extensions will be granted and failure to timely file the Appellant Brief may result in dismissal of the appeal." (2/11/13 Notation Order). Appellant failed to timely file the appellant brief as required and did not request any further extensions.

Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss a case "[i]f the plaintiff fails to prosecute or comply with these rules

or a court order." *See Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* at 363. A district court therefore "must be given substantial discretion in serving these tasks." *Id.* Nevertheless, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736-38 (6th Cir. 2008).[1]

The Sixth Circuit has identified four factors that are considered in reviewing a Court's dismissal for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Schafer*, 529 F.3d at 737. "Although typically none of the factors is outcome dispositive…a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

Despite *three* extensions of time, and an admonition that no additional extensions would be entertained, Appellant failed to timely file the appellant brief as required.

---

[1] *See also Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (identifying the "competing concerns" that guide a Court's decision to dismiss an action for failure to prosecute as follows: "the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims," and, "[o]n the other hand[,]…the policy which favors disposition of cases on their merits").

2

Appellant willfully disregarded an Order of this Court to timely file the appellant brief. Moreover, counsel was warned that "failure to timely file the Appellant Brief may result in dismissal of the appeal." (2/11/13 Notation Order).

Accordingly, Appellant's bankruptcy appeal is hereby **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a Court Order.

**IT IS SO ORDERED.**

Date: 2/27/13

_Timothy S. Black_
Timothy S. Black
United States District Judge

3