UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FUJITRANS USA,

       Appellant,                         Case No.  3:12-cv-419

vs.

                                              Judge Timothy S. Black

BARKO ENTERPRISES, INC.,

       Appellee.

## ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO ACCEPT BRIEF INSTANTOR (Doc. 9)

This civil action is before this Court on appeal from the bankruptcy court.  (Doc. 1).  Pursuant to the briefing schedule, Appellant was required to file an appellant brief by January 5, 2013.  (Doc. 3).  Appellant requested an extension until January 26, 2013 to file the brief, which the Court granted.  (1/7/13 Notation Order).  Subsequently, Appellant requested another extension until February 8, 2013.  (Doc. 6).  The Court granted the extension.  (1/25/13 Notation Order).  Subsequently, Appellant filed what was titled its final motion for extension of time, requesting an extension until February 26, 2013.  (Doc. 7).  Appellee opposed the extension.  The Court granted Appellant's extension, but expressly noted that "no additional extensions will be granted and failure to timely file the Appellant Brief may result in dismissal of the appeal."  (2/11/13 Notation Order).  Appellant failed to timely file the brief on February 26, 2013 as required and did not request any further extensions.

On February 27, 2013, this Court dismissed the action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with Court Orders.  (Doc. 27).

On February 28, 2013, Appellant filed a motion to reconsider and motion for the Court to accept the appellant brief instantor. (Doc. 9).

Appellant does not specify whether it brings the motion to reconsider/alter judgment pursuant to Rule 59(e) or 60(b). Both rules govern post-judgment motions attacking a district court's decision.

Under Rule 59(e), "[a] court may grant a motion to alter or amend judgment only if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Collins v. Ford Motor Credit Com.*, No. 5:12cv2677, 2012 U.S. Dist. LEXIS 180956, at *2 (N.D. Ohio Dec. 21, 2012).[1]

Rule 60(b) establishes that upon motion "the Court may relieve a party or a party's legal representative from final judgment, order, or proceeding" for specific reasons. For Rule 60(b) purposes "excusable neglect" includes "situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Serv. Co. v. Brunswick Assoc.*, 507 U.S. 380, 394 (1993). In *Pioneer*, the Supreme Court set forth the following factors for determining whether neglect is excusable: (1) the danger of prejudice to [the non-moving party], (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the

---

[1] S*ee also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("parties should not use [motions under Rule 59(e)] to raise arguments which could, and should, have been made before judgment issued [and] must either clearly establish a manifest error of law or must present newly discovered evidence.").

reasonable control of the movant; (4) and whether the movant acted in good faith." *Id.* at 395.[2]

The Court finds that Appellant fails to meet the requisite criteria pursuant to either Rule 59(e) or 60(b).  At best, counsel describes an over-crowded work schedule without providing any basis for concluding that extraordinary circumstances or excusable neglect led to or contributed to the problem.  The circumstances Appellant's counsel describes frequently arise for litigators, and do not by themselves constitute extraordinary circumstances sufficient to justify the present request for reconsideration.  "A lawyer shall act with reasonable diligence and promptness in representing a client."  Rule 1.3, Ohio Rules of Professional Conduct (effective Feb. 1, 2007).[3]  To accomplish this, "[a] lawyer must control the lawyer's work load so that each matter can be handled competently."  *Id.*  (Official Comment 2).[4]

Despite *three* extensions of time, and an admonition that no additional extensions would be entertained, Appellant failed to timely file the appellant brief as required.

---

[2]  "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  *In re Christie*, 222 B.R. 64, 66 (Bankr. D. N.J. 1998).

[3]  "[T]he Ohio Rules of Professional Conduct govern in this district."  *Big Idea Co. v. Parent Care Res.*, No. 2:11-cv-1148, 2012 U.S. Dist. LEXIS 131239, at *7 (S.D. Ohio Sept. 14, 2012); *see also* S.D. Ohio Civ. R. 83.3(h) and Rule IV(B), Model Federal Rules of Disciplinary Enforcement ("The Rules of Professional Conduct adopted by this Court are the Rules of Professional Conduct adopted by the highest court of the state in which this Court sits…").

[4]  It is clear from the motion for reconsideration that counsel has failed to manage his caseload in such a manner as to competently represent his client.  Moreover, it appears to be a pattern and practice with counsel.  In many of the cases Appellant's counsel filed in this District, he has sought repeated extensions of time, even after admonitions from the Court that no further extensions would be permitted.  *See, e.g., Taylor v. W. S. Fin. Group*, 3:12cv332; *FT Express v. James Conley*, 3:12cv393; *Fowlkes v. United States Nat'l Archive & Records Admin.*, Case No. 3:09cv6, Doc. 13.  *See also Campbell v. Clark Cnty. Sheriff's Dep't*, 3:09cv435, Doc. 42.

Appellant willfully disregarded an Order of this Court to timely file the appellant brief. Moreover, counsel was warned that "failure to timely file the Appellant Brief may result in dismissal of the appeal." (2/11/13 Notation Order).

A pattern of failing to meet deadlines or failing to apply for an extension before the deadline has passed is considered misconduct. *See* ABA Standard 9.22(c). Here, the failures indicate a complete lack of professionalism both to opposing counsel, the Civil Rules that govern our profession, and the Court. Granting Appellant's motion would, in essence, undermine the importance of our Rules and their import in all subsequent cases. "Although attorney carelessness can constitute excusable neglect[], attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). There is no reasonable basis to excuse the number of times that counsel ignored the deadlines. It is well-established that motions for reconsideration "[d]o not provide a vehicle for a party to undo its own procedural failures." *Moro v. Shell Oil Co*., 91 F.3d 872, 876 (7th Cir. 1996). In sum, counsel's neglect of this case is not excusable. Thus, Appellant's motion for reconsideration is unavailing and the judgment stands as entered. *Easley*, 392 F.3d at 697-98 (finding that plaintiff's counsel's failure to comply with motions deadlines was not excusable neglect). Gross carelessness or inadvertent conduct that results in judgment will not give rise to a successful claim of excusable neglect if the facts demonstrate a lack of diligence. *B&D Partners v. Pastis*, No. 05-5954, 2006 U.S. App. LEXIS 11901, at *3 (6th Cir. May 9, 2006).

Accordingly, Appellant's motion for reconsideration and motion for leave to accept brief instantor (Doc. 9) is **DENIED** and this Court and reaffirms its **DISMISSAL** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with Court Orders.

**IT IS SO ORDERED**.

Date:  March 4, 2013                                         *s/ Timothy S. Black*
                                                            Timothy S. Black
                                                            United States District Judge